UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GROVO,<br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, et al.,<br>      Defendants. | )<br>)<br>)<br>)  Civil Action No.<br>)  23-12104-NMG<br>)<br>)<br>)<br>)<br>) |

**ORDER OF TRANSFER**

**GORTON, J.**

Pro se litigant Steven Grovo, who is incarcerated at USP Tucson, brings this action in which he alleges that he has not received adequate medical care at FMC Devens and USP Tucson. Grovo has also filed a motion for leave to proceed in forma pauperis. For the reasons stated below, the Court will order that this action be TRANSFERRED to the United States District Court for the District of Arizona.

**I.  Background**

Grovo claims that he was transferred to FMC Devens in March 2020 after having received an emergency tracheotomy earlier that year. According to Grovo, during his approximately one year stay at FMC Devens, he only saw one "outside doctor," who was "not even the correct specialist to examine the surgery done." Compl. at 3. Grovo alleges that he "filed multiple remedies in

order to try and see the correct specialist and received no responses." Id.  Grovo claims that he was transferred to USP Tucson in retaliation for filing the grievances.

Grovo alleges that, on August 2, 2022—sixteen months after his arrival at USP Tucson—he "finally saw a specialist to handle his needs." Id.  However, according to Grovo, "[s]tarting in November of 2022, [he] stopped receiving medical supplies needed to help him breathe." Id.  Grovo claims he is not being provided necessary tracheostomy tubes at USP Tucson, and that "his current medical supplies will only last so long and will eventually cutoff his breathing leading to suffocation and death." Id.  Grovo characterizes his claim as one for "[l]ack of medical care that will lead to serious injury and even death if not handled soon." Id.  Grovo seeks "to have the proper medical supplies given to him as well as [to] see a specialist to handle his medical needs" and $7 million in damages.  Id. at 6.

## II.  Discussion

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a).  Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  "In most instances, the

purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979). "[T]he venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant." Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas, 571 U.S. 49, 56 (2013).

The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the alleged facts of this case, the District of Arizona is the most appropriate venue for this action. Subsection (1) does not support venue in the District of Massachusetts because there is no reason to conclude that the two individual USP Tucson employee defendants are residents of Massachusetts. Subsection (2) supports venue in the District of

3

Massachusetts and the District of Arizona.  However, nothing in the complaint suggests that this Court could exercise personal jurisdiction over the USP Tucson employee defendants.

"[I]n the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  Given that Grovo claims he needs immediate injunctive relief at USP Tucson to avoid serious injury or even death, it is in the interest of justice to transfer this action to the District of Arizona.

**III. Conclusion**

Accordingly, the Court hereby ORDERS that the Clerk transfer this action to the United States District Court for the District of Arizona.  Whether Grovo should be permitted to proceed without prepayment of fees is a determination to be made by the transferee court.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated: 9/26/2023